**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Peak North Dakota, LLC, a Colorado limited liability company; Peak Energy Resources, LLC, a Delaware limited liability company, Jack Vaughn, Alex McLean, and Matt Gray,<br><br>         Plaintiffs,<br><br>    vs.<br><br>Wilbur Wilkinson, Standing Bear Traders, LLC, a North Dakota limited liability company, and the Three Affiliated Tribes, Fort Berthold District Court,<br><br>         Defendants. | **ORDER**<br><br><br><br>Case No. 4:08-cv-087 |
| Wilbur Wilkinson,<br><br>         Third-Party Plaintiff,<br><br>    vs.<br><br>Standing Bear Traders, LLC, a North Dakota limited liability company, and Margarita Burciaga-Taylor and Richard Howell, individually and d/b/a Standing Bear Traders, LLC,<br><br>         Third-Party Defendants. | |

Before the Court is Standing Bear Traders, LLC (SBT) and Margarita Burciaga-Taylor's (Taylor) "Motion to Dismiss Wilkinson's Third Party Complaint or, Alternatively, to Abstain from Exercising Jurisdiction Over Wilkinson's Third Party Complaint" filed on January 15, 2010. See Docket No. 83. Third-Party Plaintiff Wilbur Wilkinson (Wilkinson) filed a response in opposition

1

to the motion on March 10, 2010. See Docket No. 106. Taylor and SBT filed a reply brief on March 24, 2010. See Docket No. 108. Taylor and SBT filed a supplemental appendix on March 26, 2010. See Docket No. 111. For the reasons set forth below, the motion is granted in part and denied in part.

**I.      BACKGROUND**

Peak North Dakota, LLC (Peak North) is a limited liability company organized under Colorado law and authorized to do business as a foreign limited liability company in North Dakota. Peak Energy Resources, LLC (Peak Energy) is a limited liability company organized under Delaware law. Jack Vaughn and Alex McLean are members of Peak Energy and managers of Peak North who reside in Colorado. Matt Gray is a member of Peak Energy who also resides in Colorado.

SBT is a limited liability company organized under North Dakota law. Wilkinson, Margarita Burciaga-Taylor (Taylor), and Richard L. Howell, were purportedly SBT's sole members. Wilkinson is a North Dakota resident. Taylor and Howell reside in Texas. The SBT Articles of Organization, which were filed on September 26, 2007, do not list Wilkinson as a member. An amendment to SBT's Articles of Organization, filed on October 18, 2007, lists Wilkinson but it is unclear whether he is a manager or member. This amendment was signed solely by Howell. A management/operating agreement dated September 26, 2007, shows Wilkinson as having a 51% ownership interest in SBT and Howell and Taylor each having a 24.5% interest. The management/operating agreement was signed by Wilkinson and Howell but not by Taylor.

In a document dated September 24, 2007, Peak North and SBT entered into a "Letter Agreement" wherein SBT agreed to help Peak North obtain oil and gas leases on land located within the Fort Berthold Indian Reservation in North Dakota. Peak North was advised by Wilkinson in a letter dated January 8, 2008, of his desire to "close out" the parties' Letter Agreement. This letter was apparently sent in response to an email from a Peak North representative indicating no more mineral acreage should be leased. Shortly thereafter, Peak North advised SBT that it was terminating the Letter Agreement per Wilkinson's request and for what Peak North deemed as SBT's breach of the Letter Agreement. On January 15, 2008, Peak North and SBT agreed to terminate the Letter Agreement effective January 8, 2008. Wilkinson, along with Taylor, Howell, and Vaughn, signed both the Letter Agreement and the Termination Agreement. Both agreements list Wilkinson, Taylor, and Howell as managers.

On March 6, 2008, SBT and Taylor filed suit against Wilkinson and Howell in the District Court of Tarrant County in Texas. They asserted claims for declaratory relief, breach of fiduciary duty, and tortious interference of contract. They alleged, inter alia, that Wilkinson: (1) was improperly added as an SBT member; (2) had unilaterally terminated the Letter Agreement; and (3) possessed no ownership interest in SBT.

On September 8, 2008, SBT and Wilkinson filed suit against Peak North, Peak Energy, Vaughn, McLean, and Gray (hereinafter collectively referred to simply as "Peak Defendants") in the Fort Berthold Tribal Court in North Dakota. Wilkinson is an enrolled member of the Three Affiliated Tribes on the Fort Berthold Indian Reservation. Wilkinson states in his amended answer, counterclaim and third-party complaint that the tribal court lawsuit has been dismissed. See Docket No. 42.

The Peak Defendants responded to the action in tribal court by initiating the above-entitled declaratory judgment action in federal court on October 14, 2008. See Docket No. 1. Averring that SBT and Wilkinson had breached the terms of the parties' Letter Agreement and subsequent Termination Agreement, they sought both monetary and injunctive relief. In so doing, they stressed that both the Letter Agreement and Termination Agreement contained clauses identifying the state courts of North Dakota and applicable federal district courts of North Dakota as the exclusive venues for any disputes arising among the parties.

On November 3, 2008, the District Court of Tarrant County issued a temporary restraining order that prohibited Wilkinson from representing SBT in any legal proceedings, participating in any of SBT's business, holding himself out as a member or manager of SBT, or taking any action on SBT's behalf. The parties subsequently entered into a "Rule 11 Agreement" wherein they agreed, among other things, to an extension of the temporary restraining order until the conclusion of the lawsuit.

On November 19, 2008, Wilkinson, individually and on SBT's behalf, filed an answer to the Peak Defendants' complaint along with counterclaims for breach of contract and promissory estoppel/unjust enrichment. See Docket No. 17. After obtaining leave of Court, Wilkinson filed an amended answer, counterclaim, and third-party complaint on April 27, 2009. See Docket Nos. 42 and 43. The amended answer, counterclaim, and third-party complaint were filed in order to redact from his answer any references or representations that he was acting on SBT's behalf in order to comply with the temporary restraining order issued in the Texas action. Wilkinson also added Taylor and Howell as third-party defendants setting forth the following causes of action: breach of

4

contract, promissory estoppel, tortious interference with business interests, fraud, theft by deception, unjust enrichment, and misrepresentation.

On March 8, 2010, Taylor and SBT obtained a default judgment against Wilkinson in the Texas action which, among other things, declared that Wilkinson had no ownership interest in SBT, made the temporary restraining order a permanent injunction, and awarded damages in favor of SBT and Taylor and against Wilkinson in the amount of $1,268,215.00.  See Docket No. 111-1.

## II.    **STANDARD OF REVIEW**

Although not specifically set forth in the motion itself, the Court has treated the motion to dismiss as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted.  When considering a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true.  "'However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal.'"  Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002)). The court may generally only look to the allegations contained in the complaint to make a Rule 12(b)(6) determination.  McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007).  "[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003) (citing Porous

Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)). "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).

Rule 8 of the Federal Rules of Civil Procedure sets forth the federal pleading requirements for civil cases. Rule 8(a) provides that pleadings must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).

In the recent decision, Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the United States Supreme Court clarified the pleading requirements under the Federal Rules of Civil Procedure necessary to survive a motion to dismiss for failure to state a claim. The United States Supreme Court stated,

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (internal citations omitted).

6

### III.  DISCUSSION

Taylor and SBT have moved the Court to dismiss Wilkinson's third-party complaint or, in the alternative, to abstain from exercising jurisdiction over the matter. Taylor and SBT argue that the third-party complaint fails to comply with Rule 14(a) of the Federal Rules of Civil Procedure in that Wilkinson has not alleged that Taylor and SBT are or may be liable to Wilkinson for any part of Peak North's claims against Wilkinson. The abstention argument is based upon Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) and Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942).

#### A.  MOTION TO DISMISS

Wilkinson filed a motion to amend his answer and counterclaim and add SBT, Taylor and Howell as third-party defendants on March 5, 2009. See Docket No. 38. Taylor, Howell, and SBT were all served with the motion but did not respond to it. On April 3, 2009, the Court granted the motion. See Docket No. 40. Howell has not joined in the motion to dismiss filed by Taylor and SBT. Therefore, the Court will not consider Wilkinson's claims against Howell in this order.

Wilkinson's claims against SBT, although styled as a third-party complaint, are in reality Rule 13 crossclaims. SBT was already a party defendant when Wilkinson filed his third-party complaint. A crossclaim is any claim against a co-party which arises out of the same transaction or occurrence that is the subject matter of the original claim. See Fed. R. Civ. P. 13(g). The claims against Taylor and Howell are properly labeled as third-party claims. See Fed. R. Civ. P. 14(a)(1). The third-party complaint contains claims for breach of contract, promissory estoppel, tortious

interference with business interests, fraud, theft by deception, unjust enrichment, and misrepresentation.

### 1)      TAYLOR

The primary argument of Taylor is that the third-party complaint is deficient in that it does not contain a claim for contribution or indemnity as required by Rule 14.  See Fed. R. Civ. P. 14(a)(1).  Rule 14 permits a defendant to implead a third party who is or may be liable to the defendant for all or part of the plaintiff's claim.  Discovery Group LLC v. Chapel Dev., LLC, 574 F.3d 986, 989 n.* (8th Cir. 2009); Williams v. Ford Motor Credit Co., 627 F.2d 158, 160 (8th Cir. 1980).  Once a proper third-party claim has been asserted, additional related claims arising out of the same transaction or occurrence may be joined as permitted by Rule 18 of the Federal Rules of Civil Procedure.  6 Charles Alan Wright et al., Federal Practice and Procedure § 1452 (2d ed. 1990) (discussing Rule 18 joinder of claims).

In this case none of Wilkinson's claims against Taylor are dependant on the outcome of the claims brought against Wilkinson by the Peak Defendants.  Rule 14(a) does not allow a third-party complaint to be founded on a defendant's independent cause of action against a third-party.  Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co., 512 F.3d 800, 805 (6th Cir. 2008) (explaining a claim for indemnification or contribution is essential).  This is true even when, as is the case here, the cause of action arises out of the same occurrence underlying the plaintiff's claim.  The only claims asserted by the Plaintiffs against Wilkinson are for injunctive and declaratory relief.  The Plaintiffs are seeking damages from SBT but not from Wilkinson.  Wilkinson's third-party complaint does not contain a claim for contribution or indemnity and Wilkinson does not explain how it would even be

possible to assert such a claim when the Plaintiffs are not seeking money damages from him. This is a fundamental flaw in the impleader which warrants dismissal.[1]  Mattes, 323 F.3d at 699.

### 2) SBT

As the Court explained above, Wilkinson's claims against SBT are not third-party claims but rather crossclaims and the Court will treat them as such.  A party may only file a crossclaim against a co-party if the crossclaim arises out of the transaction or occurrence that is the subject matter of the original action.  Fed. R. Civ. P. 13(g).  SBT argues that Wilkinson's crossclaim does not meet this test and should be dismissed.

The policy behind allowing crossclaims is to avoid multiple lawsuits and conserve judicial resources.  6 Charles Alan Wright et al., Federal Practice and Procedure § 1431 (2d ed. 1990).  As such, the courts have given a liberal construction to Rule 13(g) as long as the crossclaim is closely related to at least one of the other claims in the action.  Id.  As both Rule 13(g), which covers crossclaims, and Rule 13(a), which covers compulsory counterclaims, use the same "transaction and occurrence" formulation, most courts have held the standards for dealing with compulsory counterclaims also apply to crossclaims.  6 Charles Alan Wright et al., Federal Practice and Procedure § 1432 (2d ed. 1990); Sault Ste. Marie Tribe of Chippewa Indians v. Hamilton, No. 2:09-CV-95, 2010 WL 299483, at *4 (W.D. Mich. Jan. 20, 2010); United States v. All Right, Title and Interest in the Contents of the Following Accounts at Morgan Guaranty Trust Co., No. 95 CIV. 10929, 1996 WL 695671, at *11 n.12 (S.D.N.Y. Dec. 5, 1996).

---

[1] The res judicata effect of the Texas state court judgment may bar some or all of Wilkinson's claims but that issue is not before the Court.

When courts are faced with making a determination as to whether a crossclaim arises out of the same transaction or occurrence, the logical relationship test is the one most often applied. 6 Charles Alan Wright et al., Federal Practice and Procedure § 1432 (2d ed. 1990). The Eighth Circuit has applied the logical relationship test in the context of a compulsory counterclaim. Costello v. Providers Fidelity Life Ins. Co., 958 F.2d 836, 840 n.4 (8th Cir. 1992) (noting the phrase "transaction or occurrence" has been given a broad interpretation which would include multiple occurrences depending on their logical relationship). Consequently, the Court will apply the logical relationship test here.

The Plaintiffs have asserted claims against SBT and Wilkinson for injunctive relief and declaratory relief. SBT has also been sued for breach of contract. The contract at issue is the Letter Agreement. Wilkinson's claims against SBT are for breach of contract, promissory estoppel, tortious interference with business interests, fraud, theft by deception, unjust enrichment, and misrepresentation. Wilkinson's claims all arise out of his relationship with SBT, which he claims an ownership interest in, and the acquisition of oil and gas leases on the Fort Berthold Indian Reservation for Peak North. Wilkinson's claims against SBT and the Plaintiffs' breach of contract claim against SBT involve many of the same witnesses including Vaughn, Wilkinson, Howell, and Taylor. One essential question to the resolution of this matter will be Wilkinson's role in the entire affair. Fundamentally, all of Wilkinson's claims and the Peak Defendants' claims arise out of the Letter Agreement and the Termination Agreement along with the attendant actions taken by the respective parties. Granting SBT's motion would result in redundant piecemeal litigation which would be contrary to the purpose of Rule 13.

### B.     ABSTENTION

Taylor and SBT also contend the Court should abstain from the exercise of its jurisdiction due to the action pending in Texas state court. Subsequent to the filing of SBT and Taylor's motion a final judgment was entered in the Texas case which occurred on March 8, 2010. See Docket No. 111-1.

Taylor and SBT rely upon Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) and Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942) in advocating abstention. Colorado River abstention is designed to avoid duplicative litigation. 17A Charles Alan Wright et al., Federal Practice and Procedure § 4247 (3d ed. 2007). It allows a federal court to abstain from exercising its jurisdiction when parallel state court proceedings are pending and doing so would result in the conservation of judicial resources. Colorado River, 424 U.S. at 816. It is justified only in exceptional circumstances. Id. at 813. The obligation federal courts have to exercise the jurisdiction given them is "virtually unflagging." Id. at 817. Brillhart abstention permits a federal district court to stay or dismiss a declaratory judgment action when parallel state court proceedings are pending. Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995).

Abstention is generally inapplicable in the absence of ongoing parallel state proceedings. See Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992); In re Burns v. Wilcox, Ltd., 54 F.3d 475, 477 (8th Cir. 1995) *overruled on other grounds by* Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996); Lawrence v. Cohn, 932 F. Supp. 564, 581 (S.D.N.Y. 1996). The Texas state court proceedings have now been concluded. There is no longer a pending state action. Consequently, the abstention argument is essentially moot and the issue to be considered, although not before the Court now, is the preclusive effect of the Texas judgment.

Recognizing the import of the conclusion of the Texas case, Taylor and SBT argued in their reply brief that the judgment of the Texas state court should be given due consideration under the Full Faith and Credit Clause of the United States Constitution. However, that issue was not raised in the motion to dismiss and has not been briefed by Wilkinson. The Court will decline to address the issue at this time. However, the Full Faith and Credit Clause argument would appear to go hand in hand with the preclusion issue which may be raised at a later stage.

### IV.     CONCLUSION

The motion to dismiss (Docket No. 83) is **GRANTED IN PART AND DENIED IN PART**. The motion to dismiss Wilkinson's third-party complaint as to Defendant Taylor is **GRANTED** and the motion to dismiss as to Defendant Standing Bear Traders, LLC is **DENIED** at this stage.

**IT IS SO ORDERED.**

Dated this 25th day of May, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court