**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Peak North Dakota, LLC, a Colorado limited liability company, Peak Energy Resources, LLC, a Delaware limited liability company, Jack Vaughn, Alex McLean, and Matt Gray, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| Wilbur Wilkinson, Standing Bear Traders, LLC, a North Dakota limited liability company, and the Three Affiliated Tribes, Fort Berthold District Court, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Case No. 4:08-cv-087

_____

Before the Court are two motions to dismiss Standing Bear Traders, LLC's (SBT) counterclaim filed by the Plaintiffs on February 4, 2010. See Docket Nos. 95 and 97. Rather than respond to the motions to dismiss, SBT filed a first amended counterclaim on February 25, 2010. See Docket No. 103. Plaintiffs filed a motion to strike the first amended counterclaim on March 8, 2010. See Docket No. 104. SBT filed a response in opposition to the motion to strike on March 29, 2010. See Docket No. 112. The Plaintiffs filed a reply brief on April 5, 2010. See Docket No. 117. For the reasons set forth below, the motions are denied.

**I.   BACKGROUND**

Peak North Dakota, LLC (Peak North) is a limited liability company organized under Colorado law and authorized to do business as a foreign limited liability company in North Dakota.

1

Peak Energy Resources, LLC (Peak Energy) is a limited liability company organized under Delaware law. Jack Vaughn and Alex McLean are members of Peak Energy and managers of Peak North who reside in Colorado. Matt Gray is a member of Peak Energy who also resides in Colorado.

Standing Bear Traders, LLC (SBT) is a limited liability company organized under North Dakota law. Wilbur Wilkinson (Wilkinson), Margarita Burciaga-Taylor (Taylor), and Richard L. Howell (Howell), were SBT's sole members. Wilkinson is a North Dakota resident. Taylor and Howell reside in Texas. Wilkinson's role and membership in SBT are disputed.

In a document dated September 24, 2007, Peak North and SBT entered into a "Letter Agreement" wherein SBT agreed to help Peak North obtain oil and gas leases on land located within the Fort Berthold Indian Reservation. Peak North was advised by Wilkinson in a letter dated January 8, 2008, of his desire to "close out" the parties' Letter Agreement. This letter was apparently sent in response to an email from a Peak North representative indicating no more mineral acreage should be leased. Shortly thereafter, Peak North advised SBT that it was terminating the Letter Agreement per Wilkinson's request and for what it deemed as SBT's breach of the Letter Agreement. On January 15, 2008, Peak North and SBT agreed to terminate the Letter Agreement effective January 8, 2008. Wilkinson, along with Taylor, Howell, and Vaughn, signed both the Letter Agreement and the Termination Agreement. Both agreements list Wilkinson, Taylor, and Howell as managers.

On September 8, 2008, SBT and Wilkinson filed suit against Peak North, Peak Energy, Vaughn, McLean, and Gray in Fort Berthold Tribal Court. Wilkinson is an enrolled member of the

Three Affiliated Tribes on the Fort Berthold Indian reservation. Wilkinson states in his amended answer that the tribal court lawsuit has been dismissed. See Docket No. 42.

The Plaintiffs – who were named as Defendants in the tribal court action – responded to the action in tribal court by initiating the above-entitled declaratory judgment action in federal court on October 14, 2008. See Docket No. 1. Averring that SBT and Wilkinson had breached the terms of the Letter Agreement and subsequent Termination Agreement, they sought both monetary and injunctive relief. In so doing they stressed that both the Letter Agreement and Termination Agreement contained clauses identifying the state courts of North Dakota, and applicable federal district courts of North Dakota, as the exclusive venues for any disputes arising among the parties.

SBT filed an answer and counterclaim on January 15, 2010. See Docket Nos. 84 and 86. The counterclaim contained claims for fraud, rescission, breach of contract, punitive damages, unjust enrichment, and declaratory relief. The motions to dismiss under consideration were filed on February 4, 2010. See Docket Nos. 95 and 97. The first amended counterclaim, which was filed on February 25, 2010, contains all the same claims as the original counterclaim. See Docket No. 103.

**II.     DISCUSSION**

The Plaintiffs (also Defendants in the tribal court action) filed two motions to dismiss on February 4, 2010. The first motion to dismiss sought dismissal of SBT's counterclaim against Peak Energy, Vaughn, McLean and Gray. See Docket No. 95. The motion was made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The second motion to dismiss related only to counts I, II, and V of SBT's counterclaim and sought dismissal or, in the alternative, the filing of a more definite statement. The second motion was filed on behalf of all the Plaintiffs and was made pursuant to Rule 12(b)(6) and Rule 12(e) of the Federal Rules of Civil Procedure.

SBT's first amended counterclaim was filed on February 25, 2010. SBT did not seek leave of court to file the pleading but rather made the filing pursuant to Fed. R. Civ. P. 15(a)(1)(B).

The Plaintiffs filed a motion to strike the first amended counterclaim on March 8, 2010, and argued that SBT failed to obtain leave of court to file the first amended counterclaim and the first amended counterclaim did not address the deficiencies in the original counterclaim. The Plaintiffs asked the Court to strike the first amended counterclaim as redundant pursuant to Rule 12(f).

Rule 15(a) of the Federal Rules of Civil Procedure provides as follows:

(a) Amendments Before Trial.

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> (3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

SBT filed its first amended counterclaim on February 25, 2010. The motions to dismiss had been filed twenty-one (21) days earlier on February 4, 2010. An answer to the original counterclaim was also filed on February 4, 2010. Since the first amended counterclaim was filed within twenty-one (21) days of the filing of the answer and motions to dismiss, and the motions had been filed pursuant to Rules 12(b) and 12(e), SBT was not required to obtain leave of court to file its first amended counterclaim. See Fed. R. Civ. P. 15(a)(1)(B). The filing was timely. The effect of the filing of the first amended counterclaim was to render the motions to dismiss moot. As the first amended counterclaim was timely and properly filed and does not contain any statements which could be considered "redundant, immaterial, impertinent, or scandalous," there is no basis for granting a motion to strike. See Fed. R. Civ. P. 12(f).

      The Plaintiffs also argue in favor of dismissal in their motion to strike but do not specifically invoke Rule 12(b)(6) or the pleading requirements set out in Rule 8. In their motion to strike, the Plaintiffs state "many, if not all" of the alleged deficiencies in the first amended counterclaim remain from the original counterclaim. In their reply brief, the Plaintiffs state they are incorporating the arguments made in their motions to dismiss. However, the first amended counterclaim addressed at least some of the issues raised in the motions to dismiss, leaving SBT and the Court to guess at which arguments should be addressed.[1] As the filing of the first amended counterclaim was timely and proper, the Plaintiffs should have filed another Rule 12(b)(6) motion instead of their motion to

---

[1] The claims for breach of contract in Counts III and IV of the first amended counterclaim are now made solely against Peak North. It appears that some minor changes have been made to Count I (fraud) and Count II (rescission). Neither party has addressed whether Count V (punitive damages) is premature. See Atkinson v. McLaughlin, No. 1:03-CV-091, 2007 WL 557024 at * 6 (D.N.D. Feb. 15, 2007) (applying North Dakota's punitive damages statute which requires the granting of a motion to amend the pleading in order to assert a claim for punitive damages).

strike if they believed the first amended counterclaim was insufficient under Rule 8.  Indeed, there is nothing preventing the Plaintiffs from now doing so and the Court will so require before addressing the sufficiency of the first amended counterclaim.

### III.     CONCLUSION

Accordingly, the motions to dismiss (Docket Nos. 95 and 97) are **DENIED**.  The motion to strike (Docket No. 104) is also **DENIED**.

**IT IS SO ORDERED.**

Dated this 25th day of May, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court