**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | |
|---|---|
| Peak North Dakota, LLC, a Colorado limited liability company; Peak Energy Resources, LLC, a Delaware limited liability company, Jack Vaughn, Alex McLean, and Matt Gray, ) ) ) ) ) ) | **ORDER GRANTING MOTION TO DISMISS THIRD PARTY COMPLAINT** |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:08-cv-087 |
| Wilbur Wilkinson, Standing Bear Traders, LLC, a North Dakota limited liability company, and the Three Affiliated Tribes, Fort Berthold District Court, ) ) ) ) ) | |
| Defendants. ) | |

_____

| | |
|---|---|
| Wilbur Wilkinson, ) ) | |
| Third-Party Plaintiff, ) ) | |
| vs. ) ) | |
| Standing Bear Traders, LLC, a North Dakota limited liability company, and Richard Howell, individually and d/b/a Standing Bear Traders, LLC, ) ) ) ) ) | |
| Third-Party Defendants. ) | |

Before the Court is Third-Party Defendant Richard Howell's "Motion to Dismiss Wilkinson's Third Party Complaint" filed on June 10, 2010. See Docket No. 123. Third-Party Plaintiff Wilbur Wilkinson did not file a response to the motion. For the reasons set forth below, the motion is granted.

1

I.     **BACKGROUND**

Peak North Dakota, LLC (Peak North) is a limited liability company organized under Colorado law and authorized to do business as a foreign limited liability company in North Dakota. Peak Energy Resources, LLC (Peak Energy) is a limited liability company organized under Delaware law. Jack Vaughn and Alex McLean are members of Peak Energy and managers of Peak North who reside in Colorado. Matt Gray is a member of Peak Energy who also resides in Colorado.

Standing Bear Traders, LLC (SBT) is a limited liability company organized under North Dakota law. Wilkinson, Margarita Burciaga-Taylor (Taylor), and Howell were purportedly SBT's sole members. Wilkinson is a North Dakota resident. Taylor and Howell reside in Texas. The SBT Articles of Organization, which were filed on September 26, 2007, do not list Wilkinson as a member. An amendment to SBT's Articles of Organization, filed on October 18, 2007, lists Wilkinson but it is unclear whether he is a manager or member. This amendment was signed solely by Howell. A management/operating agreement dated September 26, 2007, shows Wilkinson as having a 51% ownership interest in SBT and Howell and Taylor each having a 24.5% interest. The management/operating agreement was signed by Wilkinson and Howell but not by Taylor.

In a document dated September 24, 2007, Peak North and SBT entered into a "Letter Agreement" wherein SBT agreed to help Peak North obtain oil and gas leases on land located within the Fort Berthold Indian Reservation in North Dakota. Peak North was advised by Wilkinson in a letter dated January 8, 2008, of his desire to "close out" the parties' Letter Agreement. This letter was apparently sent in response to an email from a Peak North representative indicating no more mineral acreage should be leased. Shortly thereafter, Peak North advised SBT that it was terminating the Letter Agreement per Wilkinson's request and for what Peak North deemed as

SBT's breach of the Letter Agreement. On January 15, 2008, Peak North and SBT agreed to terminate the Letter Agreement effective January 8, 2008. Wilkinson, along with Taylor, Howell, and Vaughn, signed both the Letter Agreement and the Termination Agreement. Both agreements list Wilkinson, Taylor, and Howell as managers.

On March 6, 2008, SBT and Taylor filed suit against Wilkinson and Howell in the District Court of Tarrant County in Texas. They asserted claims for declaratory relief, breach of fiduciary duty, and tortious interference of contract. They alleged, among other things, that Wilkinson: (1) was improperly added as an SBT member; (2) had unilaterally terminated the Letter Agreement; and (3) possessed no ownership interest in SBT.

On September 8, 2008, SBT and Wilkinson filed suit against Peak North, Peak Energy, Vaughn, McLean, and Gray (hereinafter collectively referred to simply as the "Peak Defendants") in the Fort Berthold Tribal Court in North Dakota. Wilkinson is an enrolled member of the Three Affiliated Tribes on the Fort Berthold Indian Reservation. Wilkinson states in his amended answer, counterclaim, and third-party complaint that the tribal court lawsuit has been dismissed. See Docket No. 42.

The Peak Defendants responded to the action in tribal court by initiating the above-entitled declaratory judgment action in federal court on October 14, 2008. See Docket No. 1. Averring that SBT and Wilkinson had breached the terms of the parties' Letter Agreement and subsequent Termination Agreement, they sought both monetary and injunctive relief. In so doing, they stressed that both the Letter Agreement and Termination Agreement contained clauses identifying the state courts of North Dakota and applicable federal district courts of North Dakota as the exclusive venues for any disputes arising among the parties.

On November 3, 2008, the District Court of Tarrant County issued a temporary restraining order that prohibited Wilkinson from representing SBT in any legal proceedings, participating in any of SBT's business, holding himself out as a member or manager of SBT, or taking any action on SBT's behalf. The parties subsequently entered into a "Rule 11 Agreement" wherein they agreed, among other things, to an extension of the temporary restraining order until the conclusion of the lawsuit.

On November 19, 2008, Wilkinson, individually and on SBT's behalf, filed an answer to the Peak Defendants' complaint along with counterclaims for breach of contract and promissory estoppel/unjust enrichment. See Docket No. 17. After obtaining leave of Court, Wilkinson filed an amended answer, counterclaim, and third-party complaint on April 27, 2009. See Docket Nos. 42 and 43. The amended answer, counterclaim, and third-party complaint were filed in order to redact from his answer any references or representations that he was acting on SBT's behalf in order to comply with the temporary restraining order issued in the Texas action. Wilkinson also added Taylor and Howell as third-party defendants setting forth the following causes of action: breach of contract, promissory estoppel, tortious interference with business interests, fraud, theft by deception, unjust enrichment, and misrepresentation.

On March 8, 2010, Taylor and SBT obtained a default judgment against Wilkinson in the Texas action which, among other things, declared that Wilkinson had no ownership interest in SBT, made the temporary restraining order a permanent injunction, and awarded damages in favor of SBT and Taylor and against Wilkinson in the amount of $1,268,215.00. See Docket No. 111-1.

On May 25, 2010, the Court entered an order granting Taylor's motion to dismiss. See Docket No. 118. The Court concluded in that order that Wilkinson's claims against Taylor were

improper under Rule 14(a) of the Federal Rules of Civil Procedure as there was no claim for indemnity or contribution. Howell makes this same argument in his current motion.

## II.    STANDARD OF REVIEW

Howell's motion has been brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true. "'However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal.'" Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002)). The court may generally only look to the allegations contained in the complaint to make a Rule 12(b)(6) determination. McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007). "[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)). "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).

Rule 8 of the Federal Rules of Civil Procedure sets forth the federal pleading requirements for civil cases. Rule 8(a) provides that pleadings must contain: (1) "a short and plain statement of

the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).

In <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), the United States Supreme Court clarified the pleading requirements under the Federal Rules of Civil Procedure necessary to survive a motion to dismiss for failure to state a claim. The United States Supreme Court stated,

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

<u>Iqbal</u>, 129 S. Ct. at 1949 (internal citations omitted).

### III. <u>LEGAL DISCUSSION</u>

It should be noted that Wilkinson's failure to respond to the motion may be deemed an admission that the motion is well taken. D.N.D. Civ. L. R. 7.1(F).

Howell argues, as Taylor did previously, that the third-party complaint is deficient in that it does not contain a claim for contribution or indemnity as required by Rule 14. <u>See</u> Fed. R. Civ. P. 14(a)(1). Rule 14 permits a defendant to implead a third party who is or may be liable to the

defendant for all or part of the plaintiff's claim.  Discovery Group LLC v. Chapel Dev., LLC, 574 F.3d 986, 989 n.* (8th Cir. 2009); Williams v. Ford Motor Credit Co., 627 F.2d 158, 160 (8th Cir. 1980).  Once a proper third-party claim has been asserted, additional related claims arising out of the same transaction or occurrence may be joined as permitted by Rule 18 of the Federal Rules of Civil Procedure.  6 Charles Alan Wright et al., Federal Practice and Procedure § 1452 (2d ed. 1990) (discussing Rule 18 joinder of claims).

The third-party complaint contains claims for breach of contract, promissory estoppel, tortious interference with business interests, fraud, theft by deception, unjust enrichment, and misrepresentation.  See Docket No. 42.  None of Wilkinson's claims against Howell are dependant on the outcome of the claims brought against Wilkinson by the Peak Defendants.  Rule 14(a) does not allow a third-party complaint to be founded on a defendant's independent cause of action against a third-party.  Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co., 512 F.3d 800, 805 (6th Cir. 2008) (explaining a claim for indemnification or contribution is essential).  This is true even when, as is the case here, the cause of action arises out of the same occurrence underlying the plaintiff's claim.  The only claims asserted by the plaintiffs against Wilkinson are for injunctive and declaratory relief.  The plaintiffs are seeking damages from SBT but not from Wilkinson.  Wilkinson's third-party complaint does not contain a claim for contribution or indemnity.  This is a fundamental flaw in the impleader which warrants dismissal.  Mattes v. ABC Plastics Inc., 323 F.3d 695, 699 (8th Cir. 2003).

**IV.     CONCLUSION**

Accordingly, Howell's motion to dismiss (Docket No. 123) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 13th day of July, 2010.

                                        */s/ Daniel L. Hovland*
                                        Daniel L. Hovland, District Judge
                                        United States District Court